ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SEP 0 6 2011

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

| | | |
|---|---|---|
| MASON HALL and Mason Hall<br>D/B/A<br>BREAK BREAD MUSIC<br><br>Plaintiff,<br><br>VS.<br><br>HARVEY MASON MEDIA, INC.,<br>LIONS GATE ENTERTAINMENT,<br>CORPORATION<br>LIONS GATE FILMS, INC.,<br>ST. V, LLC,<br>INTERSCOPE LEBRON, LLC,<br>DEFENDANTS DOES 1-50, AND<br>DEFENDANTS XYZ CORPORATIONS 1-50<br><br>Defendants. | * * * * * * * * * * * * * * * * * * * | CIVIL ACTION FILE<br><br>1:11-cv-2978 |

## COMPLAINT

Plaintiff Mason Hall and Mason Hall d/b/a Break Bread Music (hereinafter referred to as "Plaintiff" or "Hall"), by his attorney, Karl Marcellus Washington, as and for his complaint, alleges as follows:

### NATURE OF THE ACTION

1. In this action, Plaintiff seeks injunctive relief and damages for acts of copyright infringement and unjust and enrichment engaged in by Defendants under the laws of the United States and the State of Georgia.

### JURISDICTION AND VENUE

2. This action arises under the Copyright Act of 1976, 17 U.S.C. Sec. 101 et

1

seq. (the "Copyright Act"), and the common law of the State of Georgia. This Court has jurisdiction pursuant to 28 U.S.C. Secs. 1331, 1332 and 1338, 17 U.S.C. Sec. 101 et seq., and the law of supplemental jurisdiction.

3. The venue of this action is properly laid in the Northern District of Georgia pursuant to 28 U.S.C. Secs. 1391(b) and (c), 1392 and 1400(a). Upon information and belief, each of the Defendants has been transacting and continues to transact business in this the State of Georgia and elsewhere in interstate commerce, or transacts business that affects such commerce, and has been committing and continues to commit the acts complained of herein in the State of Georgia and elsewhere in interstate commerce, and regularly has been and now does business and solicits business and derives substantial revenue from the sale and licensing of creative properties and other products and services sold, used or consumed in the State of Georgia, including the movie complained of herein, and elsewhere in interstate commerce. The Defendants expected or should have reasonably expected their acts, including the acts set forth above and complained of herein, to have consequences in the State of Georgia.

4. The amount in controversy exceeds, exclusive of interest and costs, the sum of $75,000.00.

## THE PARTIES

5. Plaintiff is an individual having a residence and his principal place of business in College Park, Georgia.

6. Plaintiff is informed and believes and thereupon alleges that at all times relevant hereto:

      a.      Harvey Mason Media, Inc. ("Mason"), is a corporation with its principal place of business at 5102 Vineland Blvd., North Hollywood, Ca. 90266 and 23901 Calabasas Road Suite 2018 Calabasas, Ca. 91302. On information and belief, Mason is either doing business in or is engaged in the transaction of business within this judicial district.

      b.      Defendant Lions Gate Entertainment, Corporation ("Lions Gate Entertainment"), is a corporation with its principal place of business at Suite 200 2700 Colorado Blvd., Santa Monica Ca 90404. On information and belief, Lions Gate is either doing business in or is engaged in the transaction of business within this judicial district.

      c.      Defendant Lions Gate Films, Inc. ("Lions Gate Films"), is a corporation with its principal place of business at Suite 200 2700 Colorado Blvd., Santa Monica Ca 90404. On information and belief, Lions Gate is either doing business in or is engaged in the transaction of business within this judicial district.

      d.      Defendant St. V, LLC, ("St. V"), is a corporation with its principal place of business at 4322 Wilshire Boulevard, Los Angeles, California, 90010. On information and belief, Lions Gate is either doing business in or is engaged in the transaction of business within this judicial district.

      e.      Defendant Interscope LeBron, LLC ("Interscope Lebron") has an address which is presently unknown. On information and belief, Interscope Lebron is either doing business in or is engaged in this judicial district.

      h. Upon information and belief, Defendants Does 1-50 are either residents of or are doing business in this judicial district. The identities of the various Does are not presently known and cannot be presently known. This complaint will be amended to include the names of said individuals if they permit themselves to be identified.

    i. Upon information and belief, Defendants XYZ Corporations 1-50 are either doing business in or are engaged in the transaction of business within this judicial district. The identities of XYZ Corporations 1-50 are not presently known and cannot be presently known. This complaint will be amended to include the name of the actual company (ies) if the company (ies) permit identification.

    j. Defendants Mason, Lions Gate Entertainment, Lions Gate Films and Interscope Lebron are hereinafter referred to collectively as the "Defendants." Does 1-50 and XYZ Corporations 1-50 are hereinafter referred to collectively as "Defendants."

   7. Plaintiff Hall is a well-known, producer, musician, composer and recording artist. Hall does business as Phat Boy Records and Big Mace Music in connection with the music publishing of the musical compositions written by him and other composers.

   8. In 2001, Hall and his artist and co-composer Archie Eversole, Jr., wrote a musical composition entitled "We Ready" ("Plaintiff's Song"). Plaintiff's Song contained an interpolation of the copyrighted composition "Kiss him Goodbye" ("Kiss him Goodbye") written by Gary DeCarlo, Dale Frashuer, and Paul Leka. The music publishing designee for Kiss Him Goodbye is Warner Chappell Music, Inc. Plaintiff and Warner Chappelle Music, Inc. entered into an agreement authorizing Plaintiff to use "Kiss Him Goodbye" as an interpolation in the composition "We Ready."

   9. Plaintiff's Song was originally recorded by Archie Eversole, Jr. and this sound recording was released by Phat Boy/MCA Records ("MCA") in 2002. The copyright registration number is SR0000316541 / 2002-08-26 (the "Plaintiff's Record").

4

10. The music, lyrics and/or other creative elements of Plaintiff's Song are wholly original with Plaintiff and constitute copyrightable subject matter under the Copyright Act.

11. Plaintiff's Song is the subject of an existing copyright registration, Registration No. PA0001159391 / 2004-06-23, a copy of the certificate of which is attached hereto and identified as Exhibit 1 and is incorporated herein by reference (the "Copyright").The Copyright has been duly registered in the Copyright Office and all applicable recordation and registration formalities and notice requirements under The Copyright Act have been fully complied with.

12. On or about August 2002, Plaintiff's Song was registered with Broadcast Music Inc. ("BMI"), the music writer and publisher performing rights society. At all times complained of herein, information regarding the registration of Plaintiff's Song and the publishers or other parties responsible for the licensing of Plaintiff's Song was available from BMI.

13. Plaintiff's Record was recorded pursuant to an exclusive recording agreement between Phat Boy Records furnishing the services of Archie Eversole, Jr. and MCA entered into on or about February 15, 2002. In May 2002, MCA published Plaintiff's Record with notice of copyright. Subsequently, MCA filed for and obtained a registration of Plaintiff's Record as a published sound recording, Registration No. SR0000316541, a copy of the certificate of which is attached hereto and identified as Exhibit 2 and is incorporated herein by reference. Based upon all of the foregoing, Plaintiff has standing to bring this action with respect to the Defendants' unauthorized use of the Plaintiff's composition.

various retailers and on Defendants' websites.

22. Upon information and belief, the Movie was broadcast on television in the state of Georgia on June 16, 2010.

## FIRST CLAIM FOR RELIEF
### (Copyright Infringement against the Defendants)

23. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 22 of the complaint as if fully set forth herein.

24. This claim arises under the Copyright Acts of 1909 and 1976.

25. Upon information and belief, on or about October 2, 2009, Defendants Mason, Lions Gate Entertainment, Lions Gate Films and Interscope Lebron, filmed, recorded, manufactured and distributed a Movie entitled "More Than A Game" (the "Infringing More Than A Game Movie"), which movie incorporates unauthorized copies or copyrighted elements of Plaintiff's Song, thereby infringing same. Plaintiff's song, "We Ready", is contained on the movie "More Than A Game," released by Lions Gate.

26. Upon information and belief, that the unauthorized use occurs in several parts of the Movie, including but not limited to clock time stamp 59:40 to 1:10 mark of the movie. (See Exhibit 3). A specific reference is made to Plaintiff's Song by one of the actors, Dru Joyce, III, in the Movie. No attempt to obtain a license for the unauthorized use was made by the Defendants. By virtue of such usage, Defendants either knew or should have known that Plaintiff's Song was subject to copyright protection, and that, accordingly, a license was required for use of any copyright protected elements thereof. By further virtue of its failure to obtain a license for use of Plaintiff's Song, Defendants are thereby liable for the acts complained of herein as a direct, contributory and/or vicarious infringer.

27. Upon information and belief, the Infringing More Than A Game

movie knowingly and willfully directly used copyrighted elements of Plaintiff's Song.

28. Upon information and belief, the Defendants have sold and/or distributed copies of the Infringing More Than A Game movie in various media throughout the world, including but not limited to theatrical release, CDs, DVDs, videocassettes and digital downloads.

29. Upon further information and belief, the Defendants have licensed the Infringing More Than A Game Movie for further view and various means of public performance, broadcast and webcast, including but not limited to videos, television and the Internet, including through one or more agents.

30. Plaintiff is informed and believes and on that basis alleges that the Defendants have infringed and threaten to further infringe upon Plaintiff's Song by being the source of the Infringing More Than A Game Movie and aiding and abetting others in the manufacturing, distributing, offering for sale and/or selling copies of, licensing, and/or otherwise commercially exploiting the Infringing More Than A Game Movie, and contributing to the infringement of Plaintiff's Song in the Northern District of Georgia and elsewhere, all without the consent or authorization of Plaintiff or anyone authorized to act on its behalf.

31. The marketing, distribution and sale of the Infringing More Than A Game movie created by Defendants and others with their aid and assistance, and/or as a direct result of their direct and contributory actions, constitutes an unauthorized distribution of the movie of Plaintiff's copyrighted works; and the public performance of the infringing musical composition embodied in the Infringing More Than A Game Movie by Defendants constitutes unauthorized public performance of Plaintiff's copyrighted works, all in violation of Plaintiff's

rights under the Copyright Act.

32. Plaintiff is informed and believes and on that basis alleges that the Defendants' infringement of Plaintiff's copyrighted work has been and continues to be carried out with Defendants' full knowledge that the Plaintiff's Song are protected by copyright and that all relevant times Defendants had actual and constructive knowledge of Plaintiff's rights but proceeded in complete disregard thereof. In doing the acts complained of herein, Defendants have willfully and intentionally infringed Plaintiff's copyrights.

33. Plaintiff has suffered and continues to suffer irreparable harm and injury as a result of the aforesaid infringing acts of Defendants and Plaintiff is without an adequate remedy at law, in that damages are extremely difficult to ascertain and, unless injunctive relief is granted as prayed for herein, Plaintiff will be required to pursue a multiplicity of actions.

34. Plaintiff has sustained damages as a result of Defendants' wrongful acts as hereinabove alleged. Plaintiff is presently unable to ascertain the full extent of the money damages it has suffered by reason of said acts of copyright infringement, but upon information and belief such damages exceed $100,000 as to each work infringed as to each Defendant.

35. Plaintiff is informed and believes and on that basis alleges that Defendants have obtained gains, profits, and advantages as a result of their infringing acts as hereinabove alleged. Plaintiff is presently unable to ascertain the full extent of the gains, profits, and advantages Defendants have obtained by reason of their aforesaid acts of copyright infringement, but upon information and belief such gains, profits, and advantages exceed $150,000 as to each work infringed as to each Defendant.

## SECOND CLAIM FOR RELIEF
### (Unjust Enrichment against all Defendants)

36.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 35 of the complaint as if fully set forth herein.

37.     As a result of their infringing activities complained of herein, including the furtherance of the respective careers of Defendants, and their respective statures in the entertainment business as a direct consequence thereof, Defendants have been unjustly enriched to the damage of Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants, and each of them, as follows:

1.     Permanently enjoining and restraining Defendants, their respective officers, agents, servants, employees and attorneys, and predecessors and successors, by whatever name, and all those in active concert or participation with them from:

(a)     Further violating any of the exclusive rights of Plaintiff in the copyrighted song "We Ready" including the importation, reproduction, preparation, sale or distribution of any and all copies of the Infringing More Than A Game movie;

(b)     Further infringing upon Plaintiff's rights under the Copyright Act by importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, displaying or otherwise disposing of any products not authorized by Plaintiff, incorporating any simulation, reproduction, counterfeit, copy or colorable imitation of Plaintiff's copyrighted works or its creative elements;

(c)     Licensing or otherwise authorizing the public performance of any configuration of the Infringing More Than A Game movie in all media, including,

but not limited to, television (broadcast and cable), the Internet and motion pictures, and publicly performing the musical compositions embodied in Infringing More Than A Game movie;

(d) Using any simulation, reproduction, counterfeit, copy or colorable imitation of Plaintiff's copyrighted works in such fashion as to relate or connect, or tend to relate or connect such copies in any way to Plaintiff;

(e) Making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which can or is likely to lead the trade or public, or individual members thereof, to believe that any products or services manufactured, distributed or sold by Defendants are in any manner associated or connected with Plaintiff or are sold, manufactured, licensed, sponsored, approved or authorized by Plaintiff;

(f) Engaging in any other activity constituting unfair competition with Plaintiff or its licensees, or constituting an infringement of any of Plaintiff's copyrights or of Plaintiff's rights in, or rights to use or to exploit, said copyrights, including aiding and abetting third parties engaging in such activities;

(g) Engaging in any acts or activities directly or indirectly calculated to trade upon or injure the reputation or the goodwill of Plaintiff or in any manner to compete unfairly with Plaintiff by appropriating the distinctive creative elements of Plaintiff's copyrighted works;

(h) Effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs 1(a) through (g) hereinabove; and

11

(i) Secreting, destroying, altering, removing or otherwise dealing with copies of Infringing More Than A Game movie, or any books or records which contain any information relating to the importation, manufacture, production, distribution, circulation, sale, marketing, offering for sale, advertising, promoting or displaying of any copies of Infringing More Than A Game movie produced by Defendants.

2. Directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving any erroneous impression that any products or services manufactured, sold or otherwise circulated or promoted by Defendants are authorized by Plaintiff or related in any way to Plaintiff or its musical compositions.

3. Directing that an accounting of and judgment be rendered against each Defendant for:

(a) statutory damages as provided by 17 U.S.C. Sec. 504 (a);

(b) all profits received by any of the Defendants from the sale or other commercial exploitation of Infringing More Than A Game movie, as provided by 17 U.S.C. Sec. 504(b), including all revenues received relating to or deriving from, in manner whatsoever, Infringing More Than A Game movie, and any profits received by third parties as a result of activities for which Defendants may be found contributorily or vicariously liable;

(c) all damages suffered by Plaintiff as a result of any of Defendants' copyright infringements, as provided by 17 U.S.C. Sec. 504(a), whether as a result of their direct, contributory or vicarious actions;

(d) all monies received from whatever source, directly or indirectly, by any of the Defendants as unjust enrichment from the exploitation of Infringing More Than A Game Movie.

5.      Awarding Plaintiff punitive damages of not less than $1,000,000.

6.      Awarding Plaintiff its costs in this action, including reasonable attorneys' and investigative fees, as provided by 17 U.S.C. Sec. 505.

7.      Directing that the Court retains jurisdiction of this action for the purpose of enabling Plaintiff to apply to the Court at any time for such further orders and directions as may be necessary or appropriate for the interpretation or execution of any order entered in this action, for the modification of any such order, for the enforcement or compliance therewith, and for the punishment of any violations thereof.

8.      In the alternative, and if Plaintiff so elects, award Plaintiff statutory damages in the amount of $150,000 for the infringement by Defendants on account of Defendants' willfulness, and Plaintiff's attorneys' fees pursuant to the Copyright Act.

9. Awarding to Plaintiff such other and further relief as the Court may deem just and proper.

**JURY DEMAND**

Plaintiff hereby demands trial by jury on all issues triable to a jury.

DATED:    September _6_, 2011        Respectfully submitted,

The Washington Law Firm
Karl Marcellus Washington, Esq.
1353 Cleveland Avenue,
East Point, Georgia 30344
Tel: (404) 768-3963